EASTERN  DIST.
*March*, 1840.

GORDON ET AL. *vs.* DICK ET AL.

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

GORDON ET AL.
*vs.*
DICK ET AL.

The courts of general jurisdiction are the proper tribunals to take cognizance of partitions of partnership property, either in kind or by licitation, even if some of the members of firms composing the partnership, are dead, and their estates in the hands of executors or administrators.

The Parish Court of New-Orleans has concurrent jurisdiction with the First District Court, in all cases within the limits of said Parish, and which extends to actions for partition of property held in common, even if any or all the parties defendants be minors or persons residing *without the limits* of the State.

The jurisdiction of the Probate Court, as defined in the Code of Practice, *Article* 924, *No.* 14, is confined exclusively to partitions of successions, which are the peculiar objects of that court.

This is an action of partition, instituted in the Parish Court of New-Orleans, by M. Gordon, Senior and Junior, and the firm of Lizardi & Co., against N. & J. Dick & Co., and several other commercial firms and individuals, for the partition and liquidation of a commercial firm existing between the plaintiffs and defendants, styled the "New-Orleans Tobacco Warehouse Company."

The defendants, James Dick & W. J. M'Lean, representing the firm of N. & J. Dick & Co., excepted to the jurisdiction of the Parish Court, averring that W. J. M'Lean is the executor of R. L. Booker, and James Dick executor of his late brother, N. Dick, both of them deceased partners; have been qualified as such in the Court of Probates, for the parish and city of New-Orleans, and that supposing they are partners with the plaintiffs, (which is denied) they expressly aver, that the Parish Court has no jurisdiction of this case. This exception was sustained by the court, and the plaintiffs appealed.

*Hoa,* for the plaintiffs, contended that this was not a demand for money, but an action by some of the partners against their co-partners for a partition and settlement of the partnership

5    VOL. XV.

affairs; and consequently, the article 924, No. 14, of the Code of Practice, cannot be invoked. The Parish Court of New-Orleans has jurisdiction *rationœ materiœ*. 3 *Martin, N. S.* 674, 7 *Idem.*, 375, *Donaldson et al.* vs. *Dorsey's Syndic*.

2. There can be no doubt but the District Court of the first judicial district, has jurisdiction, for it is expressly given by the act of 1825, page 122; and by that of 1828, page 156, section 13, of the session acts. The Parish Court of New-Orleans has concurrent jurisdiction with the District Court in all cases arising within the limits of the parish of New-Orleans.

3. It is insisted, that even if the first District Court has jurisdiction in this case, the Parish Court has not; that the act of 1825, which gives jurisdiction to the District Court in cases of partition, like this, is subsequent to the adoption of the Code of Practice, the 127th article of which, gives concurrent jurisdiction to both courts, and does not confer the same jurisdiction on the Parish Court? In the first place, the Code of Practice was not promulgated, and was not in force when the law of 1825 passed; and secondly, the two provisions can stand together, because the general and pre-existing provisions, giving concurrent jurisdiction to both courts being in force, the act of 1825, giving expressly to the District Court jurisdiction in cases of *partition of property held in common, &c.*, did not exclude the Parish Court of its concurrent jurisdiction in like cases.

*L. Peirce*, contra: Insisted that the estates of N. Dick and R. L. Booker, could only be sold and partitioned by order of the Court of Probates, because it alone had jurisdiction to order inventories and sales of the property of successions. *Code of Practice, article* 924.

2. Although the petition, in this case, does not ask for an inventory and sale, yet, it is an action of partition; and after the sale, or division in kind, which amounts to a sale, a settlement of accounts must be ordered before a notary, &c.

3. The Probate Court has exclusive jurisdiction to decide on all claims for money, which are brought against suc-

cessions administered by executors, &c. *Code of Practice,* 924,
*No.* 13.

4. The act of 1825, section 3, gives jurisdiction to the
District Court in cases of partitions of property, although
any or all of the parties be minors, or residing out of the state.
But this law does not cover the present case. This suit is
not brought against heirs, but against the surviving' partners
who are executors of deceased ones. Their estates are in
the Probate Court in a course of administration and liquida-
tion. The act of 1825, seems to consider an estate liquidated
and in possession by the acknowledged heir, major or minor,
or absentee.

5. But if the District Court has jurisdiction, the Parish
Court has not ; because the act of 1825, giving special juris-
diction in actions of partitions, such as this, is subsequent to
the adoption of the Code of Practice, which gives concurrent
jurisdiction to the two courts. The act of 1825, only applies
to the District Court.

*Martin, J.,* delivered the opinion of the court.

The object of this suit is the liquidation and partition of
the property of a partnership which has heretofore existed
between the parties. Some of the defendants denied the
jurisdiction of the Parish Court ; their plea was sustained,
and the plaintiffs appealed.

The plea was grounded on the allegation of two of the
surviving partners of the firm of N. & J. Dick & Co., that       The courts of
two of their late partners are dead, and their estates adminis-   general jurisdic-
tered in the Court of Probates, by the two surviving partners    tion are the pro-
as testamentary executors.                                        per tribunals to
                                                                  take cognizance
                                                                  of partitions of
The partnership, the property of which is sought to be           partnership pro-
partitioned, was composed of several individuals and firms.      perty, either in
The firm of N. & J. Dick & Co., was one of the latter. The        kind or by lici-
                                                                  tation, even if
partition is asked in kind or by licitation.                     some of the
                                                                  members of
The Court of Probates, has, indeed, exclusive jurisdiction       firms composing
of the partition of successions. *Code of Practice, article* 924, the partnership
*No.* 14 ; and to decide on all claims for money which are       are dead, and
                                                                  their estates in
brought against successions. *Idem., No.* 13. This article       the hands of
                                                                  executors or ad-
                                                                  ministrators.

of the Code of Practice does not exclude the jurisdiction of the Parish Court in the present case; for the partition of no succession is claimed, nor is there any money demanded.

But it is contended, that this suit ought to have been brought in the District Court.

According to the act of the legislature, approved March 15, 1813, (1 *Moreau's Digest* 338, *section* 1,) the Parish Court of New-Orleans has *concurrent jurisdiction* with the court of the first judicial district, within the limits of said parish.

The Parish Court of New-Orleans has concurrent jurisdiction with the first District Court, in all cases within the limits of said parish, and which extends to actions for partition of property held in common, even if any or all the parties, defendants, be minors, or persons residing *without the limits* of the state.

The act approved February 16, 1825, section 3, gives jurisdiction to the District Court of the first judicial district, in "all suits for the partition of property held in common, notwithstanding any or all of the parties to be made defendants be minors or persons residing without the limits of the State." This act being posterior to the adoption of the Code of Practice, which took place April 12, 1824, modified the article 924, No. 14, of that code just cited, notwithstanding it was promulgated afterwards.

The Parish Court of New-Orleans having been established as a court of concurrent jurisdiction with the District Court for the first judicial district, is not, in our opinion, confined in its jurisdiction to cases cognizable in the District Court, in 1813. The object of the legislature in the creation of the Parish Court of New-Orleans, being to give to the inhabitants of the city and parish the benefit of two courts of concurrent and general jurisdiction, in one of which the inhabitants, whose vernacular tongue is the French language, might find the judge selected to preside therein versed in that language, and in which members of the bar might with more facility, carry on the oral proceedings. Admitting, however, that the Parish Court is restricted to the jurisdiction of the District Court, as it existed in 1813, none of the parties being minors or residing out of the state, it has jurisdiction in the present case without the aid of the act of 1825 : the object of this act being to extend the jurisdiction of the District Court to cases in which minors or absentees were to be made defendants.

The article 924, No. 14, of the Code of Practice, above cited,

must, in the latter as well as the first part of it, be confined to partitions of successions ; because successions are the peculiar objects of the Court of Probates, which are courts of special and limited jurisdiction, and which cannot be extended by implication to the exclusion of courts of general jurisdiction.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed ; the exception overruled, and the case remanded for further proceedings according to law : the appellees paying the costs of the appeal.